IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RUSSELL ROBINSON, JR., § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | 2:18-CV-016 |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary ruling wherein petitioner lost 300 days previously accrued good time credits as punishment.[1] Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to an Ellis County conviction for the felony offense of continued violence against a family member and the resultant 99-year sentence assessed therein on July 18, 2014. *State v. Robinson*, No. 38602CR.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

application, in response to Question 16 of the form, petitioner concedes he is not eligible for release on mandatory supervision.

Petitioner's current confinement for his conviction for the offense of continued violence against a family member does not make him ineligible for release to mandatory supervision; however, it is his 1988 conviction for attempted murder with a deadly weapon that makes him ineligible. *See Roberson v. Dir., TDCJ-CID*, 6:08CV324, 2008 WL 5412383, at *1 (E.D. Tex. Dec. 29, 2008) (Under Texas law, the law in effect at the time of the holding conviction governs eligibility for release on mandatory supervision).

The law in effect at the time of petitioner's holding conviction is the date he committed the offense *i.e.* November 14, 2013. *See Ex Parte Keller*, 173 S.W.3d 492, 495 (Tex.Crim.App.2005). On that date, the law in effect held an inmate may not be released to mandatory supervision if the inmate has been *previously convicted* of an offense with a deadly weapon finding. *See* Texas Gov't Code § 508.149 (a)(1)(2013). Petitioner's previous conviction for attempted murder with a deadly weapon therefore disqualifies him for release to mandatory supervision. Consequently, for the foregoing reasons, petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner RUSSELL ROBINSON, JR., be DENIED.

## INSTRUCTIONS FOR SERVICE

Hab54\Disc\FCR\Robinson-016.Inel-PriorConv:1

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 27, 2018.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. ' 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. ' 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).